14869

STATE v. HEDDEN *ET AL.*

(2 S. E. (2d), 689)

*Mr. W. E. Bowen,* for appellants,

April 25, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

L. M. Hedden and J. A. Hedden were convicted in the County Court for Greenville County of assault and battery of a high and aggravated nature and sentenced to imprisonment for a period of two years. The appeal presents but one question, Did the trial Judge commit error in refusing to direct a verdict for the defendants?

A lengthly review of the somewhat voluminous testimony would serve no useful purpose. It paints a picture of immoral conduct, freely testified to, in all of its repulsive ugliness. It appears that on January 10, 1938, the prosecuting witness, one Major Moore, and a young w o m a n named Hester Blanchard, both of whom testified in the case, set out together to "make a night of it." Accordingly, they visited and patronized several places of "amusement"

in one of the outlying districts of the City of Greenville. About midnight, feeling that they also needed something to eat, they decided to visit yet another place for the purpose of supplying their wants in that respect. To reach their intended destination, they walked down and along a railroad track; it was very dark, but Moore testified that he was able to recognize objects by means of an electric light in the neighborhood. While still on their way, some person or persons, according to the testimony, approached from the rear and struck Moore a terrific blow in the face, breaking his jawbone and rendering him unconscious. Just what the situation was with regard to the two amusement seekers at the moment the blow was struck is uncertain, as they do not agree about it. Whatever may be said about their unsavory conduct, however, the conduct of the defendants, if the testimony is believed, was also extremely bad. The Heddens were thereafter arrested on the charge of assault and battery with intent to kill.

Under the evidence, the trial Judge was undoubtedly right in refusing to direct a verdict for the defendant, J. A. Hedden. Moore testified that while going down the railroad, he looked around and saw two men just behind him; that "Jake"—meaning the defendant, J. A. Hedden—struck the witness in the face, breaking his jawbone in two places; and that he had known Jake for several years and knew that he was the one who "hit me." This testimony required the submission of the case to the jury as to that defendant.

We think, however, that the motion of the other defendant, L. M. Hedden, for a directed verdict should have been granted. It is true that the witness Moore, in response to certain leading questions asked by the Solicitor, stated that "they hit me," but when questioned as to which one struck him, testified positively that Jake was the "only one" who did so. As to the witness, Hester Blanchard, she was admittedly too drunk at the time that

Moore was struck to know just what happened. Her testimony, therefore, was vague and uncertain. On cross examination, she finally stated that it was possible that she could have been mistaken about the men present at the time being the defendants, and that "it could have been some one else."

As to the defendant, J. A. Hedden, the judgment of the County Court for Greenville County is affirmed; as to the defendant, L. M. Hedden, it is reversed and the case remanded with instructions to enter up a verdict of not guilty in his favor under Rule 27 of this Court.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.